IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

      Petitioner,                     No. CIV S-10-1288 EFB P

      vs.

TIM V. VIRGA,

      Respondent.                  ORDER

_____/

      Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. He seeks leave to proceed *in forma pauperis*. He has made the required showing and therefore the request is granted. *See* 28 U.S.C. § 1915(a). However, for the reasons explained below, the court finds that the petition must be dismissed. *See* Rule 4, Rules Governing § 2254 Proceedings.

      A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The

petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases. This court must liberally construe the allegations of a prisoner proceeding without counsel. *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). However, the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

In this case, the court lacks habeas jurisdiction because petitioner raises challenges only to the conditions of his confinement; specifically, that (1) certain Medical Technical Assistants at the prison have subjected him to cruel and unusual punishment by denying him medication, shackling his ankles so tight that they bled, and discriminating against him on the basis of ethnicity and (2) prison officials have denied him appropriate mental health treatment. These claims are not cognizable in an action seeking habeas corpus. If he were successful in proving his allegations, such a result would not shorten his sentence. Accordingly, this court lacks habeas jurisdiction over the claims raised in the petition. *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). As it is clear that petitioner cannot allege that the challenged conditions of confinement affect the duration of his imprisonment, the petition will be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (stating that an indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim). This order is without prejudice to petitioner filing a civil rights action premised on the alleged conduct of the Medical Technical Assistants and other prison officials as alleged in the petition.

1     Accordingly, it is ORDERED that the petition is dismissed without leave to amend, and
2 the Clerk of the Court is directed to close the case.
3 Dated: January 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE